PER CURIAM.
Richard Bucci and Gregory Intreglia appeal an adverse summary judgment in their action for legal malpractice. We affirm in part and reverse in part.
Bucci is a general contractor and Intreg-lia is his agent and project manager. They entered a contract for the improvement of certain commercial property. The owner sued them, alleging breach of contract.
Bucci and Intreglia (“the contractors”) retained Daniel W. Mones, P.A., and Frank M. Marks (“the attorneys”) to defend them. After a bench trial, the court entered judgment against Bucci for $55,100 and Intreglia for $10,000.
The contractors sued the attorneys for legal malpractice, alleging that they had not properly defended the case. The trial court granted the attorneys’ motion for summary judgment, and the contractors have appealed.
For purposes of the motion for summary judgment, the attorneys do not dispute the allegations of negligence. The attorneys argue that assuming they were negligent, such negligence was not the proximate cause of any injury to their clients, the contractors.
We respectfully disagree with the trial court’s entry of summary judgment on this issue. The affidavits and other materials filed by the contractors assert that under the applicable agreements, the contractors were owed $86,000 and that the attorneys failed to make a counterclaim for that amount.
The attorneys reply that this claim is negated by a joint venture agreement which the contractors entered into with the property owner while the construction project was under way. We conclude that the joint venture agreement is ambiguous. Read in the light most favorable to the contractors, the joint venture agreement entitled the contractors to payment at a reduced rate, but did not eliminate all compensation for work on the job.
The contractors had also been charged with unreasonable delay in the work on the construction project. The contractors contended that the attorneys failed to offer a viable defense, namely, that the delays were attributable to the numerous change orders initiated by the owner, and not to any dereliction on the part of the contractors.
*473 For the reasons stated, summary judgment should not have been entered with regard to the claim of Richard Bueci.*
We conclude that the summary judgment was correctly entered as to Gregory Intreglia, and affirm it.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

 On this appeal, the attorneys have abandoned the issues concerning the fictitious name and the failure to appeal the underlying action. Consequently, we do not address those issues here.